UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MODERN CABLE TECHNOLOGY, INC., ) ) Plaintiff, ) ) v. ) ) WINDSTREAM COMMUNICATIONS, INC. ) and TRAWICK CONSTRUCTION ) COMPANY, INC., ) ) Defendants. ) | Case No. 1:13-CV-313 Judge Curtis L. Collier |

### **MEMORANDUM & ORDER**

Before the Court is a motion to transfer venue (Court File No. 4) filed by Defendants Windstream Communications, Inc. and Trawick Construction Company, Inc. ("Defendants"). Plaintiff Modern Cable Technology, Inc. ("Plaintiff") (Court File No. 8) responded in opposition and Defendants replied to this response (Court File Nos. 10, 11). Defendants make two arguments: venue is improper under the federal venue statute, 28 U.S.C. § 1391, and venue should be transferred for the convenience of the parties under 28 U.S.C. § 1404.

As an initial matter, Defendants move to transfer venue because venue is improper under 28 U.S.C. § 1391. But as Plaintiff notes, "28 U.S.C. § 1391(a) is not applicable in removed cases." *Mullins v. ADB Logistics*, No. 1:09–cv–160, 2009 WL 2406408, at *1 (E.D. Tenn. July 31, 2009). "In removal cases, venue is governed by 28 U.S.C. § 1441(a), not 28 U.S.C. § 1391(a)." *Id.* Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This case was originally filed in Chancery Court in Hamilton County, Tennessee, which

is embraced by this district. Accordingly, venue is proper under the removal statute. Defendants appear to concede this, although they maintain some opposition to venue and indicate that they believe the Court lacks jurisdiction over the parties.[1]  Because venue is proper under the removal statute, the Court **DENIES** Defendants' motion on improper venue grounds (Court File No. 4).

Defendants also move to transfer venue for the convenience of the parties.  The standard for a change of venue is found in 28 U.S.C. §1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This standard vests the Court with considerable discretion.[2] *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009) ("[D]istrict courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate.") (citation omitted).  "'[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Reese*, 574 F.3d at 320.

Defendants argue the Southern District of West Virginia is a more convenient forum for this case because this is a breach of contract action related to laying underground cable in West Virginia.

---

[1] Defendants have made only a special appearance to attack venue.

[2] Section 1404(a) requires defendants to show the case could have originally been brought in the proposed transferee district. *Mullins*, 2009 WL 2406408, at *2; *see also Boys v. Mass. Mut. Life Ins. Co.*, No. 2:12–CV–445, 2013 WL 3834010, at *2 (E.D. Tenn. July 24, 2013).  Plaintiff apparently does not dispute that this action could have been brought in the Southern District of West Virginia.

2

Defendants argue the project at issue was centered around land–"rocks and dirt"–in the Southern District of West Virginia. Because experts and the parties may have to actually visit the property, Defendants contend that the district where the property is located would be more convenient. Defendants also suggest this action should be transferred because there may be additional parties who are necessary and indispensable and who may not be subject to the personal jurisdiction of this court.

Plaintiff argues the Southern District of West Virginia is no more convenient than this district. Neither of Defendants is based out of West Virginia and some of the witnesses are closer to Tennessee. Although Defendant Trawick argues it does not own property or have any offices in Tennessee, the same is true for West Virginia. Moreover, Plaintiff argues, the substance of this claim is a breach of an agreement, and the documents are not located in West Virginia.

The Court concludes Plaintiff has the better argument. Although the underlying construction and real property is located in West Virginia, the dispute in this case is focused on the alleged breach of an agreement. That may require consideration of the land in West Virginia, but the Court is not convinced that expert or party travel to West Virginia is particularly inconvenient. Further, according to Plaintiff, some of the witnesses are located closer to Tennessee than West Virginia. To the extent this action is more closely related to West Virginia, the balance of the factors does not so strongly favor Defendants in this case that Plaintiff's choice of forum should be disturbed. *See Reese*, 574 F.3d at 320. Moreover, vague discussion of future parties who may later be joined in this action is simply not sufficient to obtain a transfer of venue. The same must be said about Defendants' personal jurisdiction arguments. Although the Court recognizes that Defendants have made only a special appearance and apparently intend to challenge such jurisdiction, the Court is currently without sufficient information to decide that question. Accordingly, the Court does not

3

rely on these points in making its venue determination.

For the foregoing reasons, the Court **DENIES** Defendants' motion for a change of venue (Court File No. 4).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**